UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUES SAADE,                              *
                                           *
        Plaintiff,                         *
                                           *
        v.                                 *        Civil Action No. 1:23-cv-12182-IT
                                           *
FAY SERVICING, LLC, WILMINGTON             *
TRUST NATIONAL ASSOCIATION, and            *
KORDE & ASSOCIATES, P.C.,                  *
                                           *
        Defendants.

MEMORANDUM & ORDER

October 3, 2023

TALWANI, D.J.

        Defendants Fay Servicing, LLC ("Fay"), and Wilmington Trust National Association

("Wilmington") (collectively, the "Fay Defendants") removed this action against them and

Defendant Korde & Associates, P.C. ("Korde") from Massachusetts Housing Court on

September 25, 2023, asserting that this court has original jurisdiction pursuant to 28 U.S.C.

§ 1332. See Notice of Removal [Doc. No. 1]. Plaintiff Jacques Saade promptly sought remand,

contending that diversity jurisdiction is lacking because Korde is a citizen of the state of

Massachusetts. Emergency Mot. to Remand 1 [Doc. No. 11]. Saade claims that this action was

removed in disruption of his then-pending motion for a temporary restraining order to enjoin the

foreclosure of his property, which was scheduled for a hearing in state housing court on

September 27, 2023. Id.; see also Emergency Motion for Temporary Restraining Order filed by

Plaintiff in State Court [Doc. No. 8]; Order of Notice to Korde & Associates, P.C. 7 [Doc. No. 11-2].

Saade reports that foreclosure is scheduled for October 10, 2023. Verified Emergency Motion for

a Temporary Restraining Order 1 [Doc. No. 7]. The Fay Defendants oppose remand, arguing that Saade fraudulently joined Korde in the action to destroy jurisdiction.

## I.    Facts Relevant to Korde as Alleged in Saade's Complaint

On March 24, 2022, the Fay Defendants "moved to confiscate" Plaintiff's property; the same day they provided notice to Saade, they also demanded payment in the amounts of $495,788.12 and $502,369.30. Compl. ¶¶ 21-22 [Doc. No. 1-2]; Exs. 1 and 2. Also on March 24, 2022, Saade paid the larger amount ($502,369.30) to Korde, who Saade contends serves as the debt collector for Fay. Compl. ¶ 23; Ex. 3.

Three weeks later, on or about April 7, 2022, Saade received a bill for $503,001.80, that did not account for the March 24 payment made by Saade to Korde. Compl. ¶ 24; Ex. 4 (envelope dated April 7, 2022); Ex. 5 (bill from Fay) [Doc. No. 1-2]. There was no further communication between the parties. Id. at ¶ 25.

Then, on March 3, 2023, Saade received another bill for his past-due loan. Compl. ¶ 25; id. Ex. 6 [Doc. No. 1-2].[1] Saade asserts that the Fay Defendants have not explained those charges nor accounted for the double charges billed to him, and that this is a practice they have been chastised for by the Massachusetts Office of the Attorney General. Compl. ¶¶ 32-33 [Doc. No. 1-2].

---

[1] Exhibit 6 is a communication from Fay stating that Saade's "loan is now 30 days past due and is now in default." Compl. Ex. 6 [Doc. 1-2]. The letter directs Saade to "remit the total amount due of $23,097.67 to bring your loan current today." Id. (emphasis added). Following that demand, the letter provides an accounting of Saade's loan balance, including $127,032.08 in "Recoverable Corporate Advances," which is the figure Saade objects to in his Complaint. Id.; Compl. ¶ 25.

Among other claims, Saade brings a claim against Korde, as the debt collector, asserting that Korde knew or should have known that its collection of these unexplained and duplicative charges was unlawful. Id. at ¶¶ 68-70.

## II.   Discussion

Fay argues that Korde was fraudulently joined, because Saade "merely asserts one baseless cause of action against Korde & Associates and fails to identify how Korde & Associates could possibly be liable to Plaintiff for actions it undertook in relation to the foreclosure." Fay Def. Notice of Removal 7 [Doc. No. 1].

But the burden is on the Fay Defendants to "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." In re Pharmaceutical Industry Average Wholesale Price Litig., 431 F. Supp. 2d 109, 117 (D. Mass. 2006). First, despite the Fay Defendants insistence that the action is barred by res judicata, see Notice of Removal 7-8 [Doc. No. 1], Saade's claim rests on facts that occurred between March 2022 to March 2023, *after* the events leading to the judgments previously entered by this court. As such, Saade's claim as to the Fay Defendants' improper billing is not "sufficient[ly] identical[]" to his earlier claims regarding his mortgage foreclosure. See Haag v. United States, 589 U.S. F.3d 43, 45 (1st Cir. 2009); see also Saade v. Fay Servicing, LLC, et al., No. 22-1289, at * 3 (1st Cir. Oct. 2, 2023) ("To the extent Saade seeks to enjoin foreclosure and obtain an accounting of his debt as calculated in statements he received long after the judgment was entered in district court, he is free to pursue that relief in a separate proceeding in state court.").

Nor have the Fay Defendants offered anything in the way of evidence of bad faith in Saade's naming Korde in the complaint. While the dispute relating to $127,032.08 is primarily directed at the Fay Defendants, Saade does allege, as discussed above, that Korde collected over $500,000 from Saade, and that Fay then sent an even higher bill after Saade had made a timely payment. Saade alleges that Korde and Fay did not communicate regarding the payment Saade made and that Fay did not credit the amounts paid to Korde. As a result, Saade has sufficiently alleged that the debt collection process was flawed, and that Korde was at least partially responsible for the error.

## III.   Conclusion

For the foregoing reasons, Saade's Motion to Remand [Doc. No. 11] is GRANTED. The clerk is directed to promptly remand the action to the Eastern Division of the Massachusetts Housing Court, where it is docketed as Case No. 23H84CV000492, to allow that court to consider Saade's still pending Emergency Motion for Temporary Restraining Order [Doc. No. 7] and Emergency Motion for Preliminary Injunction [Doc. No. 8].

The motions directed to this court, see Fay Defendants' Motion to Request Screening Procedure [Doc. No. 10] and Plaintiff's Verified Emergency Motion for Temporary Restraining Order [Doc. No. 14] are DENIED without prejudice.

IT IS SO ORDERED.

Date: October 3, 2023                                    /s/ Indira Talwani_____
                                                         United States District Judge